**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **M.B.-1, M.B.-2, A.P., and B.P.**

**No. 19-0025** (Kanawha County 18-JA-278, 18-JA-279, 18-JA-280, and 18-JA-281)

## MEMORANDUM DECISION

Petitioner Mother N.S., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's December 7, 2018, order terminating her parental rights to M.B.-1, M.B.-2, A.P., and B.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Christopher C. McClung, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner exposed the children to domestic violence, drug use, and dangerous situations due to a lack of appropriate supervision. According to the DHHR, law enforcement responded to an emergency call in April of 2018 and observed petitioner "obviously under the influence of drugs" and the home to be dirty with "garbage [and] dirty laundry lying all over the floors." The DHHR alleged that petitioner used marijuana and heroin while pregnant with M.B.-1. Petitioner admitted that she participated in a protection plan after M.B.-1's birth and that she used marijuana while pregnant. Petitioner also admitted that she used heroin since M.B.-1's birth and after her son A.P. was hit by a car while outside playing. The DHHR alleged that, during an investigatory home visit, the children were not in the home and petitioner was questioned as to the children's location. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as two of the children share the same initials, we refer to them as M.B.-1 and M.B.-2 throughout this memorandum decision.

DHHR alleged that petitioner asserted she could see the children from her home, but when prompted to point them out, she could not locate them. B.P. and A.P., then ages nine and seven, were later located several blocks away from the home. According to the DHHR, petitioner screamed at B.P. and A.P. that they were going to foster care because they refused to listen to her. The DHHR alleged that neighbors observed the children "asking for food and locked out of the house" and that petitioner was "going after [the father of M.B.-1] with a knife recently" while the father used "the baby [M.B.-1] as a shield."

Later in May of 2018, the circuit court held a preliminary hearing and the DHHR presented testimony consistent with the petition. Petitioner presented no evidence. The circuit court ratified the petition and the emergency removal of the children. Further, the circuit court ordered petitioner to participate in random drug screens, parenting and adult life skills classes, and inpatient drug treatment "if necessary." The circuit court also ordered supervised visitations between petitioner and the children provided petitioner tested negative for controlled substances.

In June of 2018, petitioner stipulated to adjudication and waived her right to a hearing. The circuit court found that petitioner stipulated to the allegations of drug use and to the description of the condition of the home. Therefore, the circuit court adjudicated the children as abused or neglected children due to petitioner's refusal, failure, or inability to provide them with necessary food, clothing, shelter, supervision, medical care, or education. The circuit court also adjudicated Petitioner as an abusing parent.

The circuit court held the final dispositional hearing in August of 2018. Petitioner did not appear, but was represented by counsel. The DHHR admitted into evidence petitioner's drug screen from the adjudicatory hearing, which was positive for marijuana. The DHHR presented evidence that petitioner failed to remain in contact with the DHHR after the adjudicatory hearing. Further, the evidence showed that petitioner participated in only four service sessions and three drug screens, of which only one was negative for controlled substances. Petitioner missed thirteen other drug screens. Petitioner had not visited with the children since they were removed. Ultimately, the circuit court found that petitioner had not responded to or followed through with a reasonable family case plan, was unwilling to cooperate in the development of a family case plan, and was unable to remedy the conditions of abuse or neglect either on her own or with help. Therefore, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and termination was necessary for the welfare of the children. The circuit court terminated petitioner's parental rights by its December 7, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[2]The circuit court also terminated the parental rights of the respective fathers of M.B.-1, A.P., and B.P. M.B.-2's father was a non-abusing parent and the child has achieved permanency in his custody. According to the parties, the permanency plan for the other children is adoption in their current foster placements.

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred by terminating her parental rights without giving her additional time to participate in an improvement period. Petitioner argues that the circuit court should not have "expected that [petitioner] could turn her life around in such a short amount of time." However, petitioner fails to recognize that she did not request an improvement period in writing, as required by West Virginia Code § 49-4-610, or additional time to remedy the conditions of abuse and neglect during the proceedings below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.,* 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, this assignment of error will not be considered.

Further, we find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

In this case, petitioner did not follow through with reasonable services provided by the DHHR. The evidence showed that petitioner only briefly participated in services. Petitioner also failed to fully participate in random drug screens and continued to test positive for controlled substances during the proceedings. More concerning, petitioner's failure to participate in drug screening and her ongoing substance abuse prevented her from visiting with the children. Petitioner did not comply with services long enough to have any visitation with the children after their removal from her custody. "We have previously pointed out that the level of interest

3

demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Further, petitioner did not maintain contact with the DHHR after the children were removed from her care. The circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future is clearly supported by the record.

Moreover, the circuit court correctly found that termination was necessary for the welfare of the children because petitioner did not remedy the conditions of abuse and neglect. Petitioner's drug use and lack of appropriate supervision consistently presented a danger to the children and their welfare would continue to be threatened if returned to petitioner's care. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). We find no error in the circuit court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the welfare of the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 7, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison